**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ADRIAN HOWARD,** | ) | |
| | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO.      5:21-CR-53 (MTT)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **CIVIL ACTION NO. 5:24-CV-376 (MTT)** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## ORDER

Before the Court is Movant Adrian Howard's motion to vacate the judgment

entered on February 12, 2026. ECF 103. On January 22, 2026, the Court adopted the

Magistrate Judge's Recommendation denying Howard's motions to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255 (ECF 90; 92). ECF 101. As explained

in that Order, Mr. Howard requested additional time to file an objection to the

Recommendation, and the Court afforded Mr. Howard an additional fourteen days, until

January 5, 2026, to object. *Id.* n1. But the Court received no objection. *See* ECF 101.

On February 25, 2026, Howard moved to vacate the judgment and for reconsideration

of the Order adopting the Magistrate Judge's recommendation, claiming he filed an

objection on December 17, 2025. ECF 103 at 1; 104 at 1. Howard states that the

objection "referenced 18 pages and exhibits" showing error in the Recommendation.

ECF 103 at 1. Howard's attached exhibit, purporting to be the objection he submitted in

December 2025, was only three pages, so the Court ordered Howard to file a complete

copy of his objection. ECF 104-1; 106. In April, Howard filed a complete copy of his objection. ECF 107. Because Howard purportedly mailed his objection on December 17, 2025, the Court treats Howard's filing as a timely objection to the Recommendation. ECF 104-1. Accordingly, the Court **GRANTS** Howard's motion to vacate the judgment (ECF 103) and **VACATES** both the January 22, 2026, Order and the February 12, 2026, Judgment.[1] ECF 101; 102.

## I.    STANDARD

The Court reviews de novo those portions of the Magistrate Judge's Recommendation to which Howard objects. When a party's objections, however, are "[f]rivolous, conclusive, or general," the Court "need not" consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (citation omitted). An objecting party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Id.* at 1360. Following this review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

## II.    DISCUSSION

Howard's objection begins broadly:

Movant is permitted to object to each factual and legal conclusion found in the Magistrate's Order and Recommendation, including but not limited to the Magistrate's failures to find: Ineffective Assistance of Counsel, failure to: inform about uncharged relevant conduct (Movant was coerced to plea with false information), failure to demand a presentence interview, advice to

---

[1] Because the Court vacates the Order adopting the Recommendation, the Court need not reconsider it. Accordingly, Howard's motion for reconsideration (ECF 104) is **DENIED** as moot.

On June 18, 2026, another "objection" was docketed. ECF 110. The objection is dated February 10, 2026, which is beyond the extended objection deadline. *Id.* at 2; ECF 100. In any case, and as best the Court can tell, the objection does not make any arguments not already raised in Howard's other objection, which this Order addresses. *See* ECF 107.

In addition, on June 22, 2026, another copy of the objection addressed in this Order was docketed. *See* ECF 111.

plead guilty to unlawful charges, failure to challenge sufficiency of indictment, failure to prepar[e] an adequate defense, failure to argue chain of custody violation, failure to conduct a pretrial investigation, cumulative effect of failures, actual innocence, and challenge to the sufficiency of the evidence as valid, factual innocence, prosecutorial misconduct, body camera footage, Special Agent Cole's testimony, unlawful charges, and entitlement to an evidentiary hearing.

ECF 107 at 1. It also states, "Movant is expressly objecting to each of these factual and legal [] conclusions." *Id.* at 1–2. Howard's general statements do not pinpoint specific findings with which Howard disagrees, however, as required for de novo review.

Howard attaches an additional fifteen pages of objections. *Id.* at 3–18. Many of Howard's objections merely repeat ineffective assistance of counsel arguments addressed by the Magistrate Judge without identifying a specific basis for challenging the Magistrate Judge's Recommendation. *Id.* To prevail on claims of ineffective assistance, movants must generally show (1) deficient performance, meaning "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). In cases challenging a conviction pursuant to a guilty plea, a movant may only attack the "voluntary and intelligent character of the guilty plea," and he must show he "would have pleaded not guilty but for the ineffective assistance." *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985); *Davidson v. United States*, 138 F. App'x 238, 240 (11th Cir. 2005). The Court addresses each of Howard's objections in turn.

### A. Relevant Conduct

Howard argues his counsel was ineffective for failing to inform him how relevant offense conduct would affect his sentence. ECF 107 at 3–4. Consequently, he argues he received a sentence much heavier than he anticipated at the time he accepted the plea. *Id.* But Howard does not object to the Recommendation's discussion of his plea colloquy, which shows that he understood the plea agreement, the consequences of pleading guilty, and that the Court may impose a sentence greater than what Howard expected and different from any estimates given by counsel. *Id.*; ECF 96 at 8–13. Thus, Howard has failed to show deficient performance and prejudice for counsel's failure to inform him of the relevant conduct sentencing factor.

### B. Failure to Demand a Presentence Interview

Howard next argues, "Counsel was ineffective for allowing Movant to be sentenced without first being interviewed by a probation officer." ECF 107 at 5. He argues that an interview could have "fix[ed] the more than multiple errors" in the presentence investigation report ("PSR") and that "Counsel tried to object to all the errors," but the Court said, "it was much too late." *Id.*

The Recommendation observes: "Movant does not have an absolute right to be interviewed by the probation officer prior to completion of the PSR." ECF 96 at 14. Howard argues the Court "granted Movant an interview that was mandatory" by explaining the Probation Office would conduct an investigation and prepare a presentence report, and that Howard "should cooperate with the officer." ECF 107 at 5; 81 at 21:5–8. The Court also stated, "You will be asked to give information for the report, and . . . [your attorney] can be present when that is done if you wish." *Id.* at

21:12–14. To be clear, the Court did not order a presentence interview when it instructed Howard to cooperate with the Probation Office. In addition, the record shows that Howard's counsel objected to the PSR, and the Court substantively considered counsel's objections at sentencing. ECF 82 at 4:6–21:16. Consequently, Howard has not shown ineffective assistance of counsel based on a failure to demand a presentence interview.

### C. Advice to Plead Guilty to Unlawful Charges

Howard next argues that counsel advised him to plead guilty to an "unlawful" charge, possession of heroin that agents found during the execution of a search warrant at 1728 Eveline Ave, when Howard, who claims he did not reside at the home, was not there. ECF 107 at 6. Howard states the drugs at issue were not his, that he informed counsel of this, and that counsel advised he could plead guilty regardless. *Id.* But, as the Recommendation explains, Howard testified at his change of plea hearing that he agreed to and understood the stipulation of facts set forth in the plea agreement, including facts establishing the elements of the offense, possession of heroin with intent to distribute. ECF 96 at 16. The record shows Howard entered into his plea knowingly and voluntarily. Consequently, Howard's counsel was not deficient for advising him to plead guilty.[2]

### D. Failing to Challenge Sufficiency of Indictment

Howard argues his counsel was ineffective for failing to challenge the sufficiency of the indictment because the indictment charged a different Adrian Howard, "Adrian M. Howard." ECF 107 at 6–14. The Recommendation states Howard waived this ground

---

[2] Howard also states his counsel should have moved to dismiss the indictment for insufficient evidence. ECF 107 at 6. As explained below, Howard waived any challenge to the sufficiency of the indictment.

for relief by entering a guilty plea because "a § 2255 movant who entered a valid guilty plea waives any pre-plea ineffective assistance claims that do not concern his decision to enter the plea." ECF 96 at 18 (quoting *Baird v. United States*, 445 F. App'x 252, 254 (11th Cir. 2011)). Howard argues he did not waive his right to challenge the indictment because "the guilty plea was invalid due to the district attorney giv[ing] a false statement to the judge to detain Movant from having a fair trial." ECF 107 at 14. However, the Magistrate Judge correctly observed, "Movant's argument that the Government charged the wrong person is an evidentiary matter that was resolved in his plea agreement." ECF 96 at 18. Thus, Howard does not raise a jurisdictional challenge to overcome waiver. In addition, the indictment charges "Adrian Howard," and any confusion concerning Howard's identity was clarified in the plea agreement and at the change of plea hearing. *See* ECF 1. Consequently, Howard has not shown ineffective assistance of counsel on this ground.

### E. Failure to Prepare an Adequate Defense

Howard argues his counsel failed to provide an adequate defense by failing to challenge the Government's withholding of video footage. ECF 107 at 15–16. The Recommendation states, "[t]he Government denies that any body camera footage from the execution of the warrant exists, and Movant does not offer any proof to the contrary other than his pure conjecture." ECF 96 at 20–21. Howard responds that his counsel hired a private investigator to determine whether there was body camera footage and that the private investigator said the state would not release it because "it was still an ongoing case at a state level." ECF 107 at 15. He further states that his counsel obtained video footage that was cut and that his counsel "made the suggestion to

challenge because evidence had been moved." *Id.* at 15–16. The Recommendation also states, however, that "none of the facts that Movant contends the non-existing video would have shown contradicts the charges to which he pleaded guilty." ECF 96 at 21. Howard does not raise an objection to that observation, and it is correct.

Consequently, Howard has not shown ineffective assistance of counsel based on his counsel's failure to challenge the Government's alleged withholding of video camera footage.

### F. Failure to Argue Chain of Custody Violation

Howard argues his counsel was ineffective for failing to file a motion to suppress evidence and failing to argue that there was a chain of custody violation. ECF 107 at 16–17. The Government argues that there was no chain of custody violation, and Howard's objection pertains to that argument. *See id.*; ECF 93 at 16. Regardless, the Recommendation observes: "Even if there was a chain of custody issue as to the currency, 'challenges to the chain of custody generally go to the weight rather than the admissibility of evidence' . . . . As such, his counsel's decision not to file a motion to suppress is within the 'wide range of reasonable professional assistance' recognized by *Strickland*." ECF 96 at 21–22 (first quoting *United States v. Varazo*, 118 F.4th 1346, 1354 (11th Cir. 2024); then quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). The Recommendation also observes that the disputed evidence does not relate to Howard's plea to possession with intent to distribute. *Id.* at 22. Howard does not raise a challenge to this portion of the Recommendation, and he has not shown entitlement to relief on the basis of any alleged chain of custody violation.

### G. Failure to Conduct a Pretrial Investigation

Howard previously argued his counsel was deficient for failing to investigate who owned 1728 Eveline Ave, where heroin was found during the execution of a search warrant. ECF 92 at 27. The Recommendation explains that Howard's counsel was not deficient by failing to investigate whether Howard resided at 1728 Eveline Ave, and, as best the Court can tell, Howard raises no objection to that portion of the Recommendation. *See* ECF 96 at 22–24, ECF 107. Instead, Howard now perfunctorily asserts, "Counsel should have filed [a] motion to suppress evidence when she became aware of the homeowner on record. Movant['s] rights were violated." ECF 107 at 17. As the Recommendation explains, however, Howard stipulated in his plea agreement twice that he resided at 1728 Eveline Ave, and his mail was found at that address. ECF 92 at 23. Thus, Howard's counsel was not deficient by failing to file a motion to suppress based on Howard's claimed non-residence. The motion would have been meritless.

### H. Cumulative Effect

Howard argues that the cumulative effect of his counsel's errors entitles him to relief. ECF 107 at 18. After de novo review, the Court holds that each claim of error lacks merit, so Howard is not entitled to relief under a cumulative error theory.

### III.    CONCLUSION

Howard's motion to vacate the judgment (ECF 103) is **GRANTED**.

The Order adopting the Recommendation (ECF 101) and the Judgment entered thereafter (ECF 102) are **VACATED**.

Howard's motion for reconsideration (ECF 104) is **DENIED** as moot.

After reviewing de novo the Magistrate Judge's Recommendation, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 96) is **ADOPTED** and made the Order of the Court. Howard's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF 90; 92) are **DENIED**. Moreover, a certificate of appealability is **DENIED**.

**SO ORDERED**, this 29th day of June, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT